**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

EDDIE DUNNING,

              Plaintiff,

                                 CASE NO.:  0:11-CV-62080-WDP

v.

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

              Defendant.

_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

       Defendant, Portfolio Recovery Associates, LLC ("Portfolio" or "Defendant"), by and through its undersigned counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby files this, its Motion for Summary Judgment and Memorandum of Law in Support Thereof, and states as follows:

       1.      On or about March 23, 2012, Plaintiff Eddie Dunning filed his First Amended Complaint and asserted causes of action against Defendant based on alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et. seq.

       2.      In Count I, Plaintiff asserts that he is entitled to damages based on alleged violations of Sections 1692c(a)(2), 1692d, and 1692d(5) of the FDCPA.

       3.      As discussed in detail below in the Memorandum of Law in Support of Defendant's Motion for Summary Judgment, there is no genuine issue as to any material fact relating to all pending counts against Defendant and Defendant is entitled to summary judgment as a matter of law.

       WHEREFORE, Defendant respectfully requests that the Court grant summary judgment

in its favor and against Plaintiff as to the allegations against it contained in Count I of Plaintiff's

Verified First Amended Complaint and grant such other and further relief as this Court deems

just and proper.

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In accordance with Local Rule 56.1, Defendant has filed a Statement of Uncontested

Facts which will be referenced throughout this Motion. Based on those facts, there are no

disputed issues of material fact and Defendant is entitled to summary judgment as a matter of

law.

**I.        SUMMARY JUDGMENT STANDARD.**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P.

56(c).

Although the moving party bears the burden of demonstrating the absence of a genuine

issue of material fact, in a case such as this, where the non-moving party is the plaintiff, and;

therefore, bears the burden of proof at trial, that party must present affirmative evidence

sufficient to establish the existence of *each* element of his case.  Coregis Ins. Co. v. Baratta &

Fenerty, Ltd., 264 F.3d 302, 305-06 (3rd Cir. 2001).   Summary judgment may be granted against

a party who fails to adduce facts sufficient to establish the existence of *any* element essential to

that party's case, and for which that party will bear the burden of proof at trial.  Meier v. Law

Offices of Weltman, et al., 2011 WL 2039113, *2 (W.D. Pa.)[1]  Accordingly, a plaintiff cannot

---

[1] Although the moving party bears the initial burden of showing an absence of a genuine issue of material fact, it
need not "support its motion with affidavits or other similar materials negating the opponent's claim." Celotex Corp.,

rely on unsupported assertions, speculation, or conclusory allegations to avoid the entry of summary judgment, *see* <u>Celotex</u>, 477 U.S. at 324, but rather, he "must go beyond the pleadings and provide some evidence that would show that there exists a genuine issue for trial." <u>Jones v. United Parcel Service</u>, 214 F.3d 402, 407 (3rd Cir. 2000); <u>Perkins v. Sch. Bd. of Pinellas County</u>, 902 F. Supp. 1503, 1505 (M.D. Fla. 1995).

  To successfully oppose a motion for summary judgment, the non-movant must do more than raise a "metaphysical doubt" as to the material facts. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In fact, summary judgment is not a dress rehearsal or practice run; ***it is the put up or shut up moment in a lawsuit***, when a party must show what evidence it has that if admissible would convince a trier of fact to accept its version of the events. <u>Hammel v. Eau Galle Cheese Factory</u>, 407 F.3d 852, 859 (7th Cir. 2005). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." <u>Anderson</u>, 477 U.S. at 248. "Speculation does not create a genuine issue of fact, instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." <u>Hedberg v. Indiana Bell Tel. Co.</u>, 47 F.3d 928, 932 (7th Cir. 1995). The Court may only consider on summary judgment evidence that would be admissible at trial. <u>Winskunas v. Birnbaum</u>, 23 F.3d 1264, 1267-68 (7th Cir. 1994) (*citing* <u>Celotex Corp.</u>, 477 U.S. at 324); <u>Jackson v. Nat'l Action Financial Services</u>, 441 F.Supp. 877, 884 (N.D. Ill. 2006). As a consequence, statements based on hearsay cannot be considered for purposes of summary judgment. <u>Id</u>.

---

477 U.S. at 323. It can meet its burden by "pointing out…that there is an absence of evidence to support the nonmoving party's case." <u>Id</u>. at 325.

II.     **DEFENDANT'S ACTIONS, AS DEMONSTRATED BY THE UNDISPUTED FACTS SECTION, HAVE NOT RISEN TO ACTIONABLE HARASSMENT UNDER §1692D AND §1692D(5), BUT EVEN IF THEY DID, DEFENDANT IS NOT LIABLE BECAUSE ITS ACTIONS WOULD CONSTITUTE BONA FIDE ERRORS, AND THEREFORE DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT.**

Defendant is entitled to summary judgment on Plaintiff's 15 U.S.C. §1692d and §1692d(5) claims because Plaintiff cannot create a material issue of fact as to whether Defendant engaged in conduct that constitutes harassment, oppression, or abuse as matter of law.

A.     **PLAINTIFF CANNOT ESTABLISH THAT THE ACTIONS OF DEFENDANT HAVE RISEN TO ACTIONABLE HARASSMENT, OPPRESSION, OR ABUSE.**

"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C.A. §1692d. Determining whether conduct harasses, oppresses, or abuses is usually a question for the jury. However, "courts may resolve the question as a matter of law in appropriate cases," because certain conduct, such as mere telephone calls, fails to establish harassment as a matter of law. Waite v. Financial Recovery Services, Inc., 2010 WL 5209350, at *2 (M.D. Fla. Dec. 16, 2010); Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir. 1985).

"Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with [the] intent to annoy, abuse, or harass any person at the called number" may constitute a violation under §1692d. 15 U.S.C. §1692d(5). However, mere telephone calls are not enough to create an issue of fact. "[W]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." Brandt v. I.C. Sys., Inc., No. 8:09–cv–126–T–26MAP, 2010 WL 582051 (M.D. Fla. 2010).

Courts have found that even daily calls, "unaccompanied by some other egregious conduct," are insufficient as a matter of law to create a triable issue of fact as to whether there

has been harassment, oppression, or abuse. Waite, WL 5209350, at *3; Saltzman v. I.C. Sys., Inc., No. 09-10096, 2009WL3190359, at *7 (E.D. Mich. Sept. 30 2009) ([A] debt collector does not necessarily engage in harassment by placing one or two unanswered calls a day in an unsuccessful effort to reach the debtor, if this effort is unaccompanied by any oppressive conduct..."); Arteaga v. Asset Acceptance, LLC, 733 F.Supp. 2d 1218, 1227 (E.D. California 2010) ("daily" or "nearly daily" phone calls alone fail to raise an issue of fact for a jury to determine whether the conduct violates §1692d and §1692d(5)).

Such additional egregious conduct includes "calling immediately after hanging up, calling multiple times in a single day, calling places of employment, family, or friends, calling at odd hours, or calling after being asked to stop." Waite, WL 5209350, at *3. Plaintiff, however, cannot establish that Defendant's conduct exhibited any of these "vexing qualities" in which courts have found a quietum of fact as to intent to harass, oppress, or abuse. Id.

Plaintiff does not allege he received phone calls at odd hours. Nor does Plaintiff allege in his First Amended Complaint that Portfolio ever attempted to contact him through his friends or family.

Plaintiff's testimony in this regard was that Defendant called him between 50 and 100 times in 2011, and not more than 20 times in 2012.[2] (Stmt. of Material Fact ¶ 1). Plaintiff's First Amended Complaint further alleges that "Defendant calls Plaintiff up to four times a day." (Amend. Compl. ¶10). Even if these allegations were true, however, Plaintiff still falls short of creating a material issue of fact, as courts have found much higher call volumes to not rise to the level of an FDCPC violation as a matter of law. For instance, in Waite, the court held that the

---

[2]Once again, the portion of these calls after August 22, 2011 were directed to someone other than Mr. Dunning and all went unanswered.  (Stmt. of Material Facts ¶ 7).

defendant's 132 collection calls to plaintiff in a nine month period, with up to four calls in a single day, did not constitute harassment, oppression, or abuse as a matter of law. Waite, WL 5209350, at *3. Similarly, in Tucker v. CBE Grp., Inc., 710 F.Supp. 2d 1301, 1305 (M.D. Fla. 2010), the court found defendant's 57 collection calls in a 20-day period, with up to seven phone calls in a single day, to be insufficient to survive summary judgment.

Furthermore, Plaintiff cannot establish that Defendant called him after being asked to stop. Defendant has no record of ever being asked by Plaintiff to stop calling him because Defendant never spoke with Plaintiff. (Stmt. of Material Facts ¶ 6).

During his deposition, Plaintiff vaguely claimed to have spoken with Defendant "nine or ten times" over the telephone, and that during one of these phone conversations he asked Defendant to stop calling him. (Stmt. of Material Facts ¶ 7). Plaintiff further claims that he knows that it was Defendant he spoke to because he kept personal notes and records of Defendant's calls, and these notes describe his alleged conversations with Defendant. (See Stmt. of Material Facts ¶ 7). These statements are not enough to avoid summary judgment because an issue is only genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1993). Importantly, Plaintiff's deferral to his notes is the key to his testimony. This is because not only are the notes void of any reference to his alleged communications with Defendant, but the notes and Plaintiff's testimony are also so inconsistent with the undisputed electronic phone records produced by Comcast that they cannot possibly be sufficient to create a genuine issue of fact. Indeed, not a single entry in Plaintiff's personal notes aligns with the Comcast phone records.

Comcast was Plaintiff's telephone service provider during the time period at issue and it maintains logs of all incoming or outgoing calls. These records are computer generated and

phone calls cannot be made to or from the number assigned without being tracked. (Stmt. of Material Facts ¶ 4). Turning back to Plaintiff's notes, it is apparent that they are egregiously inconsistent. For instance, Plaintiff recorded in his notes that he received five incoming calls from Defendant on August 13, 2011. (Stmt. of Material Facts ¶ 19). In contrast, Plaintiff's phone records show that he did not receive a single incoming call from anyone on August 13, 2011. (Stmt. of Material Facts ¶ 20).

The rest of Plaintiff's notes are similarly inconsistent with the time, length, volume, and telephone numbers identified on his phone records. For example, on August 8, 2011, Plaintiff's notes show that he received two calls from telephone number 847-994-2550, the first being received at 8:31a.m., and the second at 8:33 a.m. (Stmt. of Material Facts ¶ 15). Plaintiff's phone records, however, do not show any phone calls from the telephone number 847-994-2550 on August 8, 2011. (Stmt. of Material Facts ¶ 16). Further, Plaintiff's phone records state that the only two incoming calls he received on August 8, 2011 were received at 5:05 p.m. and 6:39 p.m., respectively. (Stmt. of Material Facts ¶ 16). Consequently, the only logical conclusion that can be made from Plaintiff's notes and his deference to them during his deposition, is that they were manufactured in an effort to create support for Plaintiff's otherwise meritless claims.

Because Defendant has offered evidence that it has never spoken with Plaintiff in connection with his debts, and because the only evidence offered by Plaintiff is completely contrary to the unchallengeable phone records, Plaintiff cannot create a genuine issue of material fact as to whether Defendant contacted him after being told to stop calling, as no reasonable jury could find Plaintiff's notes to be credible, and Plaintiff's mere "conclusional allegations" are insufficient as a matter of law. *See* Mize, 93 F.3d at 742; Morris, 663 F.2d at 1034.

Moreover, even if Plaintiff could demonstrate he had phone conversations with

Defendant, he still could not create a genuine issue of fact as to whether or not those conversations constituted harassment, abuse or oppression, as Defendant's behavior cannot rise to the level of an FDCPA violation as a matter of law.

Plaintiff admits that he was not cursed at or called names during his alleged conversations with Defendant. (E. Dunning Depo. p. 23, line 20; p. 24, lines 1-5). Instead, Plaintiff's only apprehension to his alleged phone conversations with Defendant appears to be Defendant's "tone of voice" on a particular call and that it was hard for Plaintiff to "get a word in." (E. Dunning Depo. p. 24, line 7; p. 23, line 21). This is surely not enough to create a genuine issue of fact as to whether Plaintiff was harassed. First, "[s]ome inconvenience or embarrassment to the debtor is a natural consequence of debt collection." Beiber v. Associated Collection Services, Inc., 631 F.Supp. 1410, 1417 (D. Kan. 1986). Second, §1692d "is meant to provide a remedy for harassment, oppression, and abuse, not for bad manners." Gallagher v. Gurstel, Staloch & Chargo, P.A., 645 F.Supp. 2d 795, 799 (D. Minn. 2009). Lastly, and most significant, courts have found that much more egregious conduct does not amount to harassment as a matter of law.

For instance, in Thomas v. LDG Financial Services, 463 F.Supp.2d 1370, 1373 (N.D. Ga. 2006), the plaintiff alleged that the defendant told her during a phone conversation that they "were going to get their money one way or another," yelled at the debtor, then promptly hung up the phone. The plaintiff further alleged that when she called the defendant back, the defendant asked her what her problem was because she was making the same salary as she did when she was paying her bills. Id. Despite these allegations, the court found that the plaintiff failed to state a claim under §1692d because, even when taken as true and in the light most favorable to plaintiff, the defendant's conduct failed to rise to the level of harassment that is prohibited by the FDCPA. Id. at 1373-74.

**B.** **EVEN IF PLAINTIFF COULD CREATE AN ISSUE OF FACT AS TO WHETHER DEFENDANT CALLED HIM AFTER HIS ALLEGED VERBAL CEASE AND DESIST, DEFENDANT IS STILL ENTITLED TO SUMMARY JUDGMENT BECAUSE SUCH CALLS WOULD BE BONA FIDE ERRORS.**

Even if Plaintiff could establish that there is a question of fact as to whether he was called after he verbally asked Defendant to stop calling, any such calls by Defendant would not be actionable as a matter of law because they would constitute bona fide errors under 15 U.S.C. §1692k(c). Under this statute, even when a debt collector violates the FDCPA, it cannot be held liable if (i) it did not act intentionally and (ii) has procedures in place that are "reasonably adapted" to avoid its error. 15 U.S.C. §1692k(c). Defendant maintains procedures to avoid calling debtor's after they have asked not to be called. (Stmt. of Material Facts ¶ 26). Whenever Defendant receives a verbal cease and desist request, it has instructed its collectors to advise the individual that the request needs to be made in writing, provide the address for sending the request and place a stop on all calls from that account for a period of seven days. (Stmt. of Material Facts ¶ 26). These procedures are "reasonably adapted" to avoid harassing debtors by calling them after a verbal cease and desist is received. Debtors are given instructions on how to stop the calls, as well as plenty of time (seven days) to submit their request before Defendant restarts the collections process.

Requiring Defendant to maintain a more stringent protocol relating to verbal cease and desist requests would be inappropriate. The FDCPA expressly requires debt collectors to cease communications with a debtor when their request is in writing, 15 U.S.C. §1692c(c). Defendant's procedure mirrors the statute. Importantly, in order to be a defense to a FDCPA claim, Defendant's "procedures need not be foolproof," only reasonable. Tucker v. CBE Group, Inc., 710 F.Supp.2d 1301, 1306 n. 5 (M.D. Fla. 2010); *see also* Kort v. Diversified Collection Services, Inc., 394 F.3d 530, 538-39 (7th Cir. 2005) (FDCPA does not require debt collectors to

take every conceivable precaution to avoid errors, but only requires reasonable procedures). Thus, if Plaintiff can establish a question of fact as to whether he received calls after his verbal cease and desist, summary judgment would still be appropriate because such calls would have been bona fide errors under the FDCPA.

For the foregoing reasons, Defendant is entitled to summary judgment as a matter of law on Plaintiff's §1692d and §1692d(5) claims.

III. **DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT BECAUSE IT HAS NOT VIOLATED 15 U.S.C. §1692C(A)(2), PROHIBITING CALLS AFTER A PARTY IS REPRESENTED BY COUNSEL.**

On Sunday, August 21, 2011 at 4:00 p.m., Plaintiff's counsel sent an e-mail containing a pre-litigation draft Complaint to Portfolio's Legal Department. (Stmt. of Material Facts ¶ 23). At 10:03 a.m. the very next morning, the Legal Department noted the representation on the account notes which would have stopped all calls on Plaintiff's accounts. (Stmt. of Material Facts ¶ 26). Portfolio's collections department, however, reasonably not yet aware of Plaintiff's e-mail from the weekend evening before, had already attempted to contact Plaintiff at 8:24 a.m. that same morning by calling the phone number 954-404-9256. (*See* Stmt. of Material Facts ¶ 25). Following that initial phone call on August 22, 2011 through the date Plaintiff filed his First Amended Complaint, Defendant has not placed any calls to this phone number in connection with the collection of any debt from Plaintiff. (Stmt. of Material Facts at ¶ 28).

That does not mean that Defendant stopped all calls to the phone number utilized by Plaintiff as other debtors were connected with that number. For example, from August 27, 2011 to October 30, 2011, all calls Defendant placed to 954-404-9256 were in an attempt to contact Plaintiff's wife, ████████ in connection with the collection of her individual debts. (Stmt. of Material Facts at ¶ 29). After that, beginning January 10, 2012, all calls Defendant placed to 954-404-9256 were in an attempt to contact a third party, ████████ in connection with the

10

collection of his individual outstanding debts. (Stmt. of Material Facts at ¶ 33).

Plaintiff presumably alleges that Defendant has violated 15 U.S.C. §1692c(a)(2) each time Defendant contacted the phone number 954-404-9256 after August 21, 2011. (*See* Amd. Compl. ¶16(a)). Pursuant to that statute, a debt collector may not contact a consumer in connection with the collection of a debt "if the debt collector knows the consumer is represented by an attorney *with respect to such debt…*" (emphasis added).[3]  Despite Plaintiff's contentions, however, Plaintiff cannot create a material issue of fact as to whether Defendant has violated §1692c(a)(2).

### A.    PLAINTIFF CANNOT ESTABLISH THAT DEFENDANT MADE A CALL TO THE PLAINTIFF AFTER IT RECEIVED NOTICE OF THE SUIT.

Plaintiff cannot establish a genuine issue of fact as to whether any call made by Defendant to 954-404-9256 after August 21, 2011 was in violation of §1692c(a)(2), for two reasons. First, Plaintiff cannot establish that any calls made by Defendant to his residence were made in connection with the collection of a debt for which he was represented by a lawyer because, by his own admissions, he did not answer any call Defendant made to his residence and has not otherwise spoken to Defendant since July, 2011. (Stmt. of Material Facts at ¶ 8). As a matter of law, an attorney's representation must be specific to the debt in question in order to state a claim under §1692c(a)(2). Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991). However, because Plaintiff did not answer any calls from Defendant or otherwise speak to Defendant since July, 2011, he cannot not contradict Defendant's affidavit testimony establishing no calls were placed to Plaintiff's residence after August 22, 2011 that were in connection with the collection of Plaintiff's debts. If Plaintiff were to merely establish that Defendant has called

his residence phone, that would not be enough to create an issue of fact, as a debt collector does not violate §1692c(a)(2)(a) unless it contacts a debtor in connection to an account for which the debtor is represented by an attorney. Id.; *see also* Bishop v. I.C. System, Inc., 713 F.Supp. 2d 1361, 1366 (M.D. Fla. 2010).

Because Defendant did not call 954-404-9256 after August 22, 2011 to collect from Plaintiff and Plaintiff cannot contradict this fact, Defendant is entitled to judgment as a matter of law.

To the extent that Plaintiff tries to point to the single call of 8:24 a.m. the Monday following the Sunday evening delivery of his draft complaint to Defendant as calling after notice of representation by counsel, such a stringent standard should fail as a matter of law. To hold otherwise would subject debt collectors to unreasonable burdens relating to notices of attorney representation. The FDCPA was enacted to protect debtors from legitimate claims of abusive or harassing debt collection activities, not create liability for debt collectors based upon an over technical reading the Act. Moreover, Plaintiff cannot establish when the email was actually received by Defendant, but rather can only establish when it was sent by Plaintiff's counsel.

Based on the foregoing there is no question of material fact as to these issues and Defendant is entitled to Judgment as a matter of law.

**B.     IF PLAINTIFF CAN ESTABLISH A DISPUTED ISSUE OF FACT AS TO WHETHER PLAINTIFF WAS CALLED AFTER DEFENDANT RECEIVED THE DRAFT COMPLAINT, SUCH CALLS WOULD CONSTITUTE A BONA FIDE ERROR AS A MATTER OF LAW AND CANNOT FORM A BASIS FOR LIABILITY.**

Even if Plaintiff can establish a question of fact as to whether Defendant contacted him

---

[3] Defendant questions whether an e-mailed pre-draft complaint is sufficient to constitute notice that Plaintiff was represented by counsel with respect to the underlying debt, but for purposes of this Motion, that issue does not matter.

after August 21, 2011 in connection with the collection of Plaintiff's debts for which he was represented by an attorney, Plaintiff's §1692c(a)(2) claim would still not survive summary judgment because Defendant cannot be held liable for any FDCPA violation that "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." 15 U.S.C. §1692k(c). It is undisputed that Defendant has certain procedures in place that have been reasonably adapted to avoid calling debtors after learning they are represented by counsel; and that pursuant to these procedures, Defendant noted its account of the representation less than twenty-four (24) hours after learning Plaintiff was represented by counsel.  (*See* Stmt. of Material Facts at ¶¶ 23, 27). Therefore, Defendant has conclusively established that any calls to Plaintiff after August 22, 2011: (i) could only have been made despite a system that is reasonably adapted to avoid making such calls,[4] (ii) would be at most an unintentional clerical error, and (iii) would therefore constitute a bona fide error as a matter of law. *See* Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1031 (6th Cir. 1992).

In addition, Defendant's phone call made to Plaintiff on Monday August 22, 2011, also constitutes a bona fide error as a matter of law. It is clear that this call was not made intentionally with knowledge of counsel. Instead, it was inadvertently placed by unknowing employees before 9:00 a.m. on the first business day following the e-mailing of Plaintiff's pre-litigation draft Complaint. (Stmt. of Material Fact ¶ 25). In addition, the call occurred despite Defendant's maintenance of procedures reasonably adapted to avoid calling debtor's known to be represented by counsel. (*See* Stmt. of Material Fact ¶¶ 23, 25-27).[5] The reasonable efficiency of Defendant's

---

[4] Defendant's procedures are especially well equipped to avoid FDCPA violations because, as stated earlier, a debt collector is not required to completely shut down communications with a debtor once it learns that the debtor is represented by counsel; the debt collector may still contact that debtor with respect to debts that are different or separate from those for which the debtor is represented by counsel.

[5] *See* note 4, *supra*.

procedures was evidenced by the expedited manner in which Defendant was able handle the contents of Plaintiff's e-mail. Despite having received the e-mail late in the afternoon on a Sunday, Plaintiff's account was noted early the next morning, less than one (1) business day after receiving Plaintiff's email. (Stmt. of Material Fact ¶¶ 23, 26-27). Indeed, holding Defendant to a higher standard would mean requiring it to establish mechanisms for monitoring personal email accounts on weekends; such a standard would surely be unreasonable.

Similar to the case at hand, the defendant debt collector in Transworld sent a collection letter to the plaintiff one day after receiving his cease and desist letter. 953 F.2d at 1027. Despite the defendant's technical violation of the FDCPA, the court held that the defendant was not liable because its actions constituted a bona fide error under §1692k(c). Id. at 1031. In so holding, the court found it significant that the plaintiff failed to introduce evidence refuting affidavits submitted by the defendant's employees that explained why it had inadvertently mailed the collection letter. Id. The court also took into account the short amount of time between the receipt of the cease and desist and the sending of the collection letter. See Id.

Here, Defendant has similarly submitted an undisputed employee affidavit that explains why it inadvertently called Plaintiff's residence on August 22, 2011, and that its phone call took place only a short time after receiving Plaintiff's e-mail. (Stmt. of Material Fact ¶¶ 23, 25). Therefore, just as the court did in Transworld, this Court should find that Defendant bears no liability for its August 22, 2011 phone call to Plaintiff's residence. This call was clearly a bona fide error because it was not intentional and happened despite the maintenance of procedures reasonably adapted to avoid contacting debtors represented by counsel. 15 U.S.C. §1692k(c). Indeed, any problems Defendant may have encountered in circulating Plaintiff's e-mail were surely reasonable in light of the timing of Plaintiff's communication, and were not the product of

a defective system. Therefore, Defendant is entitled to summary judgment as a matter of law for any liability potentially stemming from its phone calls to Plaintiff's residence both before and after August 22, 2011.

Plaintiff cannot establish an issue of fact as to whether he was contacted by Defendant with respect to debts for which he was represented by an attorney. And even if he could, Defendant is still entitled to summary judgment because any such calls would constitute a bona fide error as a matter of law. As a consequence, Defendant is entitled to summary judgment as a matter of law on Plaintiff's §1692c(a)(2) claims.

## <u>CONCLUSION</u>

The pleadings, depositions, answers to interrogatories, admissions, affidavits and other materials filed in the record show that there is no genuine issue of material fact and that Defendant is entitled to judgment as a matter of law in his favor and against Plaintiff as to the allegations against it contained in Count I of Plaintiff's Amended Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2012 the foregoing was electronically filed with the Clerk of Court using the ECF electronic filing system which electronically notifies the following:

Shireen Hormozdi, Esq.
Krohn & Moss, Ltd.
10474 Santa Monica Blvd.
Suite 401
Los Angeles, CA  90025
shormozdi@consumerlawcenter.com

_s/ Robert E. Sickles_
Robert E. Sickles, P.A.
Florida Bar No. 167444
rsickles@hinshawlaw.com
Zachary A. Harrington
Florida Bar No. 044104
zharrington@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
100 South Ashley Drive, Suite 500
Tampa, Florida 33602
Telephone:  813-276-1662
Facsimile: 813-276-1956
_Counsel for Defendant_